UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HENRY MARX,
THE MUSIC FORCE, LLC,
a foreign limited liability company,
and as the successor in interest of
T&T MUSIC, LLC.

    Plaintiffs,

v.

KARIN D'ANGELLI, individually and
as Personal Representative of the
ESTATE OF ALFONS KETTNER,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, HENRY MARX, individually, THE MUSIC FORCE, LLC, a foreign limited liability company ("MF"), and as the successor in interest of T&T MUSIC, LLC, ("T&T") (hereinafter the "The Creditors"), sue Karin D'Angelli, individually and as the Personal Representative of the Estate of Alfons Kettner ("The Estate"), regarding the ownership and income interest of the copyright entitled "What You Won't Do For Love" (hereinafter the "Composition"), together with related state claims for loans and breach of a promissory note in the amount of **$151,437.01**, plus interest and attorneys' fees, as follows:

## THE PARTIES

1. Plaintiff, Henry Marx, is an individual over the age of eighteen, currently resides in Los Angeles, and he is the principal and owner of the two limited liability corporations, T&T and MF.

2. The Music Force, LLC, is a Tennessee corporation whose principal place of business is in Nashville Tennessee. The Music Force is the successor in interest to T&T Music.

3. T&T Music, LLC, was a limited liability corporation whose principal place was based in Nashville Tennessee.

4. Karin D'angelli is the personal representative of the Estate of Alfons Kettner, who is deceased and who is hereinafter called "the decedent" which is pending here and she is believed to be residing in Broward County, Florida, over the age of majority and sui juris.

## VENUE & JURISDICTION

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright laws of the United States (17 U.S.C. § 101 et seq.).

6. The Court has jurisdiction under 17 U.S.C. § 101 et seq.; 17 U.S.C 507(b) 28 U.S.C. § 1331 (federal question); and under the United States Copyright Act 28 U.S.C. § 1338(a) (copyright infringement).

7. The Court has jurisdiction over Defendant pursuant to Florida Statutes: §§ 48.193 Fla. Stat. (2016), Florida's Long Arm Statute, as Defendant has committed a tortious act within the State of Florida, which has caused injury to Plaintiffs within the State or, in the alternative, Defendant has caused injury to persons or property within this state arising out of an act or omission by the Defendant inside this State, and Defendant has engaged in substantial and not isolated activity in the State of Florida.

8. Moreover, the Defendant has purposefully availed herself of the jurisdiction of this Court by transacting business in this District and the State of Florida concerning the musical composition at issue.

9. Venue is proper in this District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) and (b), because the Defendant is residing here in Broward County, Florida and also in that this is the judicial district in which a substantial parts of acts and omissions giving rise to the claim involved in this action occurred in this District.

10. MF, a foreign limited liability company, including its affiliated and predecessor companies and entities, including but not limited to T&T and Marx, in his individual capacity, by and through undersigned counsel, hereby sues the Estate of Alfons Kettner ("The Estate") regarding the ownership and income interest of the composition entitled "What You Won't Do For Love" (hereinafter called the "Composition") together with a monetary claim for loans and breach of a promissory note in the amount of $151,437.01, plus interest and attorneys' fees:

11. Plaintiffs assert state law claims for money lent, breach of a written agreement, and breach of a promissory note, versus the Defendant, only in her representative capacity.

**GENERAL ALLEGATIONS**

12. On August 9, 2004, the Decedent, Alfons Kettner, executed a promissory note ("The Promissory Note") in favor of T&T, which reflected a loan made by T&T to Decedent.

13. The Note was re-executed and ratified by the Decedent on May 26, 2010. A true and correct copy of the ratified Note is attached hereto as **Exhibit A** (the "Ratified Note").

14. The Ratified Note was assigned to MF, which is due since 2004, plus interest.

15. Since 2004 and continuing up to the Decedent' death, MF loaned to the Decedent the additional sum of $26,838.17.

16. Since 2004, MF paid the sum of $17,493.96 to third parties on behalf of and at the request of the Decedent, which amounts represented obligations of the Decedent, which MF agreed to advance on behalf of the Decedent, subject to repayment by the Decedent to MF from royalties otherwise accruing to the Decedent, and which the Decedent agreed to repay to MF.

17. Since 2004, MF overpaid Decedent the sum of $19,452.21 in royalties, which the Decedent agreed to repay back to MF, and which is due and owing.

18. On June 10, 2010, the Decedent assigned to MF certain income, which was otherwise due for repayment of the Ratified Note in the document attached hereto as **Exhibit B** (the "Assignment").

19. MF and the Decedent entered into the Assignment Agreement whereby the Decedent agreed (in paragraph 5(a)) to repay all amounts of money advanced by MF for the benefit of the Decedent from royalties, otherwise becoming due from the exploitation of the Composition, under the terms of the Assignment.

20. All amounts advanced by MF to or for the benefit of Decedent, was made based upon the express agreement that MF could recoup such amounts from royalties that MF would otherwise owe to the Decedent as the administrator of the song "What You Won't Do For Love", which the Decedent co-wrote with Bobby Caldwell (the "Composition").

21. All amounts due under the Ratified Note remain due and owing. Plaintiffs have properly filed a claim in the Estate of the Decedent and has fulfilled all conditions precedent prior to filing suit.

22. The Decedent owes to MF the amount of **$151,437.01**, plus interest and fees as is more fully calculated and described in the Ratified Note, and the other documents referred herein, as may be adjusted based upon royalties accrued which are unknown to Plaintiffs**.**

23. On or about June 10, 2010, the Decedent executed an assignment of the Copyright to the composition in favor of MF in the form attached hereto as **Exhibit B** (hereinafter called the "Copyright Assignment").

24.     Plaintiffs registered their claim to ownership of the copyright to the Composition in Registration No. Volume 3600, Document 621, a true and correct copy of which is attached hereto as **Exhibit C**.

## COUNT I – BREACH OF PROMISSORY NOTE

25.     Plaintiffs adopt and reincorporate by reference into this count the allegations above in paragraphs 1-24 as if fully set forth herein, and further allege:

26.     This is a count for Breach of the Promissory Note.

27.     At all times relevant, Plaintiff has fulfilled all of its obligations under the terms of the Promissory Note.  As a result of Defendant's breach of the Promissory Note, Plaintiffs have been damaged.

**WHEREFORE**, for the reasons set forth herein, Plaintiff, The Music Force as successor in interest to T&T, demand judgment against Defendant, in her representative capacity, in the amount of $36,688.06, plus interest and attorneys' fees as may be (and have) reasonably incurred pursuant to the terms of the Promissory Note.

## COUNT II – BREACH OF THE ASSIGNMENT AGREEMENT/LETTER OF UNDERSTANDING

28.     Plaintiffs adopt and reincorporate by reference into this count the allegations above in paragraphs 1-24 as if fully set forth herein, and further allege:

29.     This is a count for Breach of the Assignment Agreement, and Letter of Understanding which the decedent signed on or about August 18, 2004 which is attached as **Exhibit D** and hereafter called the "Letter of Understanding".

30.     At all times relevant, Plaintiffs have fulfilled all of their obligations under the terms of the Assignment Agreement and Letter of Understanding.

31. As a direct and proximate result of Defendant's breach of the Assignment Agreement and the Letter of Understanding, Plaintiffs have been damaged.

WHEREFORE for the reasons set forth herein Plaintiffs demand judgment in the amount of **$151,437.01**, together with interest, pursuant to the terms of the Assignment Agreement and Letter of Understanding.

### COUNT III – DECLARATORY JUDGMENT ON THE OWNERSHIP OF THE COPYRIGHT

32. Plaintiffs adopt and reincorporate by reference into this count the allegations above in paragraphs 1-24 as if fully set forth herein, and further allege:

33. This is a count for Declaratory Judgment pursuant to 28 U.S.C. § 2201, and F.S. 86 *et seq*.

34. The Plaintiffs acquired ownership of the Copyright and certain publishing rights in the Composition. Pursuant to the Assignment (of the copyright registration), and the short from copyright assignment attached hereto as Exhibit A to Exhibit B. The Decedent assigned to the Plaintiffs the ownership of the Composition and the exclusive rights to publish the Composition and receive the "publisher share" (i.e. 50% of the gross income) of all royalties derived from the exploitation of the Composition.

35. The Plaintiffs also acquired ownership of fifty percent (50%) of the writer's portion of royalties derived from the Composition. Pursuant to the Letter of Understanding and the Decedent assigned to the Plaintiffs fifty percent (50%) of the writer's portion of royalties derived from the exploitation of the Composition (i.e. fifty percent (50%) of the net fifty percent (50%) share).

36. The Defendant has taken actions and has asserted specious claims and has interfered in Plaintiffs' exploitation with their exclusive rights as the copyright owner under the

Copyright Act which requires declaratory relief, determining that Defendant has no valid interest in the copyright, which is needed based on the Defendant's actions which are inconsistent with Plaintiffs' exclusive rights in the copyright.

37.     Plaintiffs request that this Honorable Court enter an order granting a speedy hearing, under Federal Rules of Civil Procedure Rule 57, concerning this count for Declaratory Judgment and advance it on the calendar.

## COUNT IV – COPYRIGHT INFRINGEMENT

38.     Plaintiffs adopt and reincorporate by reference into this count the allegations above in paragraphs 1-24 as if fully set forth herein, and further alleges:

39.     This is a count for Copyright Infringement against Defendant in her personal and representative capacity.

40.     Defendant has infringed upon and interfered with Plaintiffs' exclusive rights in the copyright to the Composition, in violation of 17 U.S.C. §101 *et seq.*.

41.     Among the exclusive rights granted to the Plaintiffs under the Copyright Act, are the exclusive rights to reproduce and distribute the copyrighted material to the public and to prepare derivative works.

42.     Defendant has profited from her infringing activities, and she has collected, and may continue to collect, fees and royalties from the copyright or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to the Plaintiffs. Defendant should held liable for all profits derived as the result of her infringing activities.

43.     As a result of Defendant's willful infringement of Plaintiffs' copyright and its exclusive rights under the Copyright Act, Plaintiffs are entitled to statutory damages per infringement pursuant to 17 U.S.C. § 504(c) or to recover actual damages  and profits attributable

to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

44. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law.

45. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyright, and ordering said Defendant to cease all activities which intervene Plaintiffs' exclusive rights in its' copyright.

46. As a direct and proximate result of Defendant's acts of intentional copyright infringement, Plaintiffs have been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs request this Court to:

1) Preliminarily and permanently enjoin and restrain Defendant and her agents, officers, servants, employees, successors and assigns and all others acting in concert, or in privity, with Defendant, from directly or indirectly infringing Plaintiffs' rights under federal or state law, in the copyrighted material, including without limitation, reproducing or distributing the infringing work;

2) Require Defendant to pay, jointly and severally, maximum statutory damages for each infringement of the copyrighted material pursuant to 17 USC § 504(c) or to pay Plaintiff actual damages and profits attributable to the infringement pursuant to 17 USC § 504(b), and such further damages as permitted by applicable law;

3) Require Defendant to pay, jointly and severally, Plaintiff's full cost in this action;

4) Require Defendant to pay, jointly and severally, Plaintiff's reasonable attorneys' fees incurred herein pursuant to 17 USC § 505; and

5) Award such other relief as this Court deems just and proper.

6) Plaintiffs also request that a Declaratory Judgment be entered in their favor and against the Defendant, declaring that Plaintiffs are the rightful owners of the Copyright and thus Plaintiffs maintain ownership of the Composition and the exclusive rights to publish the Composition and receive the "publisher share" (i.e. 50% of the gross income) of all royalties derived from the exploitation of the Composition, and fifty percent (50%) of the writer's portion of royalties derived from the exploitation of the Composition (i.e. fifty percent (50%) of the net fifty percent (50%) share);

7) MF asks this Court to enter a judgment in its favor in the amount of **$151,437.01**, plus interest and attorneys' fees pursuant to the terms of the Ratified Promissory Note and based upon the oral agreement between the parties; and

8) Plaintiffs ask this Court to enter Final Judgment against Defendant in her personal and representative capacity, as set forth herein.

Dated: 7/22/2016

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiffs*
175 SW 7th Street, Suite 2410
Miami, FL 33131
Phone: 305-401-3639

By: _/s/ Richard Wolfe_

RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com